PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDEN SOTO, | ) | |
| | ) | CASE NO. 4:14CV0297 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL | ) | |
| CENTER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Eden Soto filed this *Bivens*[1] action against the Northeast Ohio Correctional Center ("NEOCC"), the Bureau of Prisons ("BOP"), and the United States Attorney General. In the Complaint (ECF No. 1), Plaintiff alleges he is not receiving adequate medical care at NEOCC. He seeks an Order from the Court to refer him to a specialist to get a proper diagnosis, and to provide him with effective treatment.

## I. Background

Plaintiff is a federal prisoner currently housed at NEOCC, a private prison. He indicates he began to complain of digestive issues in May 2013. Plaintiff contends his condition has worsened over time, causing him to suffer panic attacks when the symptoms manifest. ECF No. 1 at PageID #: 3. He states he was scheduled to see nurses and physicians assistants, but never

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) provides federal inmates and detainees with a cause of action analogous to 42 U.S.C. § 1983.

(4:14CV0297)

had an appointment with a doctor or a specialist. Plaintiff filed grievances contesting his medical treatment, but they were denied. ECF No. 1 at PageID #: 3-4.

On December 5, 2013, Plaintiff was taken outside of the prison for an endoscopy. He claims neither the doctor who performed the procedure, nor an NEOCC physician, informed him of the diagnosis. Nevertheless, an NEOCC physician prescribed medication for him. Plaintiff asked the medical staff why he was taking the pills, but claims they did not adequately answer his question. He indicates his symptoms continue, and while he has received tests, he has not been given a diagnosis. ECF No. 1 at PageID #: 4. Plaintiff asks this Court to order Defendants to provide him with proper medical treatment.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Lawler*, 898 F.2d at 1199.

(4:14CV0297)

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

(4:14CV0297)

### III. Law and Analysis

As an initial matter, Plaintiff does not specify a legal cause of action upon which he intends to base his Complaint (ECF No. 1). Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). The Sixth Circuit has held that *pro se* pleadings are to be liberally construed and that in some cases active interpretation is required "to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (a state habeas case) (citing *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)). The only possible federal cause of action that is suggested on the face of the Complaint (ECF No. 1) is one for deliberate indifference to serious medical needs under the Eighth Amendment. Moreover, because the Constitution does not directly provide for relief, Plaintiff must proceed with his claim through a *Bivens* action.

The Court holds that none of the named Defendants is subject to suit in a *Bivens* action. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against a federal prison, the BOP, the United States Government or any agent of the United States Government in his official capacity. *Id.* Consequently, Plaintiff cannot maintain a *Bivens* action against the BOP or the United States Attorney General in his official capacity. *See Okoro*

4

(4:14CV0297)

*v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003) (stating that a federal prisoner can not bring a *Bivens* action against the BOP).

NEOCC is owned and operated by a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Malesko*, 534 U.S. at 70-74 (pointing out that when a prisoner in a BOP facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff therefore cannot bring *Bivens* claims against NEOCC. *Shan Wei Yu v. NEOCC*, No. 4:12CV0507, 2012 WL 6705857, at *3 (N.D. Ohio Dec. 26, 2012) (Pearson, J.).

Finally, while a *Bivens* action can be maintained against the United States Attorney General in his individual capacity, Plaintiff fails to state a claim upon which relief may be granted against this Defendant. In order to state a claim under *Bivens*, Plaintiff must allege that the individual Defendant was personally involved in the alleged deprivation of his constitutional rights. See *Nwaebo v. Hawk-Sawyer*, No. 03-3801, 2003 WL 22905316, at *1 (6th Cir. Nov. 28, 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)); *Kesterson v. Fed. Bureau of Prisons*, No. 02-5630, 2003 WL 1795886, at *1 (6th Cir. April 2, 2003). Plaintiff does not allege that the United States Attorney General was personally involved with making medical treatment decisions for him. Therefore, he has not stated a claim against the Attorney General in his individual capacity.

(4:14CV0297)

### IV.  Conclusion

Accordingly, this case is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

　　　　　IT IS SO ORDERED.

  August 29, 2014　　　　　　　　　　　　　　 /s/ Benita Y. Pearson
Date　　　　　　　　　　　　　　　　　　　Benita Y. Pearson
　　　　　　　　　　　　　　　　　　　　　United States District Judge